IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CARNEY,            : | |
|       Petitioner,       : | |
|                           : | CIVIL ACTION |
| v.                                     : | |
|                           : | NO. 13-2553 |
| PENNSYLVANIA BOARD OF    : | |
| PROBATION AND PAROLE,    : | |
|       Respondent.        : | |

## ORDER

**AND NOW**, this 23rd day of April 2014, after a careful and independent consideration of the *pro se* petition for a writ of habeas corpus and of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 18) ("R&R"), Petitioner's objections thereto (Doc. No. 19), and the entire record in this case, it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED and ADOPTED**;[1]

---

[1] On February 27, 1996, Carney was sentenced to five to fifteen years' incarceration for robbery with serious bodily injury and receiving stolen goods. He was first paroled on May 29, 2001, but he has since had a lengthy history of arrests and parole violations summarized in the R&R (and not objected to) with the result that his sentence will not expire until October 19, 2016. Following the expiration of his robbery sentence, he must serve a sentence of fifteen months to five years' imprisonment for a conviction of driving under the influence of alcohol, followed by a ninety day consecutive sentence for driving with a suspended license. He has filed a petition for a writ of habeas corpus arguing that the Board of Probation and Parole arbitrarily denied his request for reparole on February 19, 2013.

    The R&R correctly construed the petition as claiming violations of the substantive and procedural components of the Fourteenth Amendment's due process clause. The R&R also correctly articulated the relevant legal standards. Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. . . . [W]hen an executive action is at issue, only the most egregious conduct will be considered arbitrary in the constitutional sense." *Hunterson v. DiSabato*, 308 F.3d 236, 248 (3d Cir. 2002). "[T]he cognizable level of executive abuse of power [i]s that which shocks the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Procedural due process, as relevant, protects certain constitutional and state-created liberty and property interests from deprivation without adequate procedures. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

    The denial of reparole cannot be said to shock the conscience. The Board's stated reasons for denying reparole include Carney's "prior unsatisfactory supervision history" and his "level of risk to the community." Doc. No. 6 at 35. Carney's prior unsatisfactory supervision history is amply supported by the record, *id.* at 39, 48. Carney argues that his level of risk to the community had not changed between the revocation of his parole and the denial of reparole and that it is unconstitutional for the Board to deny reparole based on facts known at the time of parole revocation but not considered in rescinding parole. But it does not shock the conscience that the Board's revocation determination does not provide an exhaustive list of all the factors it considers or that a factor may not weigh heavily against a defendant at the revocation stage yet may loom more largely at reparole. Such flexibility is entirely consistent with the discretion the Constitution grants to executive officers making parole determinations. Similarly,

    2.       The Objections are **OVERRULED**;[2]

    3.       The Request to Submit Newly Received Evidence is **DENIED**;[3]

---

the denial of Carney's request for reconsideration does not shock the conscience for the same reason that the initial denial of the request for reparole was constitutional: the Board was entitled to reach the determination it did.

Carney's procedural due process claim fails for the reasons stated in the R&R: the Supreme Court has held that the Constitution does not create a liberty interest in the expectation of parole protected by procedural dues process, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and Pennsylvania has not vested in parole-eligible detainees anything more than the right to apply for parole. *Rogers v. Pennsylvania Bd. of Prob. & Parole*, 724 A.2d 319, 321 n.2 (Pa. 1999). This reasoning applies more strongly to Carney's contention that he was denied reconsideration of his parole determination without due process. Insofar as Carney's briefing can be read to argue that the Board failed to comply with its own procedures and standards in denying his request for reconsideration, just as Carney has no protected liberty interest in parole, he has none in reconsideration of a denial of a parole request.

[2] Read liberally, Carney has lodged four objections to the R&R. The first is a variation on the argument that the Board may not consider at reparole factors known at the parole revocation hearing that it did not expressly rely on in the parole revocation decision. He argues that the factors were not relied on because they are not "genuine concerns." Doc. No. 19 at 1. But the Constitution does not require the Board to list every possible reason for its action; rather, the Board has discretion to act so long as it does not shock the conscience. Concision does not shock the conscience; neither does relying on only some of many possible reasons to deny reparole.

The second objection further develops his incorrect legal theory that he has a liberty interest in being granted reparole. He argues that because there is a statutory scheme that constrains the Board's judgment in its parole determinations, there is a constitutionally protected liberty interest in parole. However, the Supreme Court has held that there is no such interest by the Constitution's own force, and the Pennsylvania Supreme Court has held that Pennsylvania law does not vest in people eligible for parole any right other than the right to a parole hearing. *Greenholtz*, 442 U.S. at 7; *Rogers*, 724 A.2d at 321 n.2, *accord id.* at 324 (dissenting opinion).

The third objection is that the Board should not have considered the Department of Corrections' negative recommendation for reparole because a favorable recommendation was not listed as a condition with which Carney needed to comply in the Board's earlier order revoking parole. But even if a favorable recommendation was not a special requirement, that does not mean that the Board is forbidden from considering the Department of Corrections' recommendation. No statute or court decision creates such a rule, and it would pose a serious impediment to the flexible administration of parole proceedings that the Supreme Court has identified as desirable and constitutional.

The final objection is that the Board relied in part on a pretextual reason for denying him reparole, namely that he needed to participate in a drug and alcohol treatment program. The reason was a pretext, Carney argues, because the institution where he was incarcerated did not offer the program. He argues that the Board violated due process by requiring him to complete a treatment program and subsequently failing to transfer him to a facility that offered the program before denying him reparole. However, since his denial of reparole, he has been transferred to a facility that offers the treatment program. Doc. No. 19 at 6. At most, he argues that it was a due process denial to delay transfer until after another reparole hearing. Given the limited resources available to penal institutions, it does not shock the conscience that there was a delay between the Board's determination that a treatment program was required and Carney's placement in an appropriate facility, especially since Carney does not allege any facts that give rise to the inference that the Board took any steps to impede Carney's eventual transfer and because the other factors relied on by the Board independently support its reparole determination. Moreover, there is no protected liberty interest in such a program for the same reason that there is no protected liberty interest in parole.

[3] Carney will not be permitted to reopen this case by alleging that the Board's most recent reparole determination provides grounds for relief for substantially the same reasons that his initial petition was denied. The Board denied reparole in part because Carney had not shown that he was "genuinely commit[t]ed to [his] sobriety." Doc. No. 20 at 2. Carney believes this decision is based on his refusal to attend meetings of Alcoholics Anonymous, arguing that since he would have another sentence to serve after obtaining the parole he seeks and there is no alcohol

4. The Letter attached hereto, construed as a further Objection to the R&R is **OVERRULED**, construed as a Motion to Amend the Petition is **DENIED**;[4]

5. The Petition (Doc. No. 6) is **DENIED** with prejudice;

6. A Certificate of Appealability **SHALL NOT ISSUE**.[5]

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

in prison, he is not tempted by alcohol and therefore does not need to attend meetings. It does not shock the conscience that the Board would consider alcoholism to be a chronic problem that regular meetings would help to treat even in the absence of easy access to alcohol.

[4] Carney's letter argues that he has been incarcerated for twenty-six months for a parole violation that only carried a nine-month sentence. However, as the R&R concluded, he is still serving time on his original, unexpired five-to-fifteen year sentence for robbery with serious bodily injury and receiving stolen goods. Therefore, even if the letter can be seen as alleging an additional ground for relief that would relate back to Carney's petition or an objection to the R&R, it fails to demonstrate that he is entitled to relief.

[5] For the reasons discussed above, Petitioner has made no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and is therefore not entitled to a certificate of appealability.